## 9917

### WILLIAMS v. WORKING BENEVOLENT STATE GRAND LODGE OF SOUTH CAROLINA.

(95 S. E. 517.)

1. PARTIES—DEMURRER—DEFECT OF PARTIES.—When it appears on the face of the complaint that there is a defect of parties, defendant may demur thereto.

2. PARTIES—DEMURRER—DEFECT OF PARTIES PLAINTIFF.—In an action against a fraternal order by one beneficiary, where the complaint was meager in the statement of essential and relevant matter, and it did not apear to whom the insurance money by the contract was payable, whether to the heirs, beneficiaries, or legal representatives of the members, defect in parties plaintiff did not appear on the face of the complaint, and defendant was not bound to demur thereto.

3. PARTIES—FAILURE TO DEMUR OR ANSWER—WAIVER OF DEFECT—STATUTE.—Where defendant did not plead defect of parties plaintiff by demurring to the complaint or by answer, it is deemed to have waived the same by Code Civ. Proc. 1912, sec. 198.

4. PARTIES—DEFECT OF PARTIES PLAINTIFF—INSURANCE BENEFICIARIES—JOINER.—One beneficiary of a member of a fraternal order, on proper objection by the order, should not have been allowed to split up the remedy against it by suit for her share, leaving the other beneficiary to sue for hers; if two had an interest in the contract of insurance, the two should have joined as plaintiffs, and the Court should have directed that by order instead of dismissing the cause.

5. INSURANCE—FRATERNAL INSURANCE—EVIDENCE.—In an action against a fraternal order by one beneficiary of a member thereof, testimony of the order's custom as to the payment of death benefits was properly excluded as irrelevant; the by-law of the order fixing the beneficiary's identity and limiting her right, and both parties being bound by it.

6. INSURANCE—FRATERNAL INSURANCE—CUSTOM AS TO PAYMENT—CONFLICT WITH BY-LAWS.—The custom of a fraternal order as to the payment of death benefits, contrary to the contract between itself and a member, embodied in a by-law, would be no defense to a subsequent claim made against the order by another admitted beneficiary.

7. PARTIES—AMENDMENT—STATUTE.—In an action against a fraternal order by one beneficiary of a member, where the Court granted nonsuit for defect of parties plaintiff, in that other heir or beneficiary was not joined, it properly refused to allow plaintiff to amend by making her trustee for the member's heirs at law; there being no evidence she was such for the other heir at law, while actions, by Code Civ. Proc. 1912, sec. 160, must be prosecuted in name of the real party in interest.

Before RICE, J., Anderson, Spring term, 1917. Reversed.

Action by Rose Williams against the Working Benevolent State Grand Lodge of South Carolina. From an order of nonsuit, plaintiff appeals.

The five exceptions directed to be reported were as follows:

(1) Because it was error for the Court to grant a nonsuit on the ground of defect of parties when the question had not been raised by demurrer or answer. It being submitted that since the alleged defect was not raised by answer or demurrer, it is deemed to have been waived.

(2) Because it was error to grant a nonsuit when it appeared that the plaintiff was entitled to some relief. It is submitted that even conceding that the benefit was payable to the heirs at law, it was proven that plaintiff was an heir at law, and as such entitled to something, if not all of the death benefit.

(3) Because it was error to exclude testimony of the custom of defendant as to payment of death benefits. It being

submitted that it was relevant and material on the question of waiver and in corroboration of the agreement of the officer who stated that the claim would be paid to defendant.

(4) Because there was some evidence that plaintiff was the sole beneficiary, and the weight of it was for the jury.

(5) Error in refusing to allow plaintiff to amend when motion was made.

*Mr. Leon L. Rice,* for appellant, submits: *The judgment in this case ought to be reversed, nonsuit was granted on the single ground that there was a defect of parties plaintiff. This question could only be raised by demurrer and there was none:* Code of Procedure, sections 104-8; 60 S. C. 40; 83 S. C. 534; 72 S. C. 42; 65 S. C. 105; 78 S. C. 430; 54 S. C. 203.    *An order of nonsuit cannot be sustained on grounds other than those on which it was granted:* 107 S. C. 367; 78 S. C. 127.    *As to waiver:* 14 R. C. L. 1195; 16 A. D. R. 552; 54 S. C. 599.    *Nonsuit is improper where plaintiff is entitled to any relief:* 46 S. C. 133. .

*Mr. J. J. McSwain,* for respondent, makes no citations.

March 8, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Appeal by the plaintiff from an order of nonsuit "for defect of parties."

These are the circumstances of the transaction as revealed by the testimony: The persons, save, of course, the corporations, are all negroes; George belonged to the Golden Light Lodge, a subordinate of the Working Benevolent State Grand Lodge of South Carolina; the Golden Light was "suspended" by the Grand Lodge, up to which event George was "paid up;" to the Golden Light thereafter George paid no dues up to the time of his death; after George's death the Golden Light was restored to fellowship, with the Grand Lodge; a Grand Lodge officer then said that the Golden

Light's suspension was due to the fault of the Grand Lodge, and that officer then promised to pay the plaintiff's claim, but the Grand Lodge refused payment; George left as his heirs at law his wife, the plaintiff, and one child.

A by-law of the Grand Lodge provides:

"When a member of a subordinate lodge of the Working Benevolent State Grand Lodge shall die, on his death or her death, his heirs, beneficiaries, or legal representatives shall be entitled to the sum of $100, to be paid within 90 days after the date of receiving the notice of the death of said member, subject to the following conditions: That said brother or sister, at time of his or her death, was financial with his or her lodge and the records of the lodge to which he or she belonged as well as the Grand Lodge certifying the same, and providing his or her lodge is in good standing with Grand Lodge, with all claims that are due paid."

We express no opinion about the force of the contract alleged; no such question was made below or here, so far as the record shows.

There are five exceptions. Let them be reported. We consider them briefly and in their order:

1. It is true that, when it appears upon the face of the complaint that there is a defect of parties, the defendant may demur thereto, and in the instant case there was no demurrer. But the complaint is of the meagerest sort in 1, 2 the statement of essential and relevant matter; it does not appear from that document to whom the insurance money, by the words of the contract, was payable, whether to "the heirs, beneficiaries, or legal representatives" of George. The complaint does not allege how the contract of insurance was evidenced, or the terms of it. The defendant, therefore, was not bound to demur, and for the reason the defect in parties did not appear on the face of the complaint.

But the defendant might still have pleaded the defect of parties by answer.    It did not do that, and, having failed in that, it "is deemed to have waived the same." Code, sec. 198.    The first exception is, therefore, good.

2. The plaintiff, it is true, upon proper objection ought not to have been allowed to split up the remedy, suing for her share and leaving the other beneficiary to sue for her share; that sort of procedure is unjust to the defendant.    If two had an interest in the contract of insurance, then two ought to have joined as plaintiffs; and the Court ought to have directed that by order instead of a dismissal of the cause.    The second exception is, therefore, sustained.

3. The testimony tendered by the plaintiff to show custom was incompetent.    The by-law of the company fixed the identity of the beneficiary and limited her right; and both plaintiff and defendant were bound by it.    The question put by the plaintiff was (1) about the custom of the Grand Lodge (2) as to payment to the wife or husband (3) of death benefits.    But such a custom against the contract, if practiced, would be no defense to a subsequent claim made against the Grand Lodge by another admitted beneficiary.    The Grand Lodge by an act of such duplicity could not excuse itself to other beneficiaries who were entitled.    Its practice or custom was, therefore, irrelevant because without right.    The third exception is, therefore, of no force.

4. There was no testimony from which a reasonable inference might be drawn that the plaintiff was George's sole heir at law; and the fourth exception is overruled.

5. The amendment proposed by the plaintiff after the Court had granted the motion for nonsuit was properly

refused.    There was no evidence that the plaintiff was trustee for the other heir at law.    Actions must be "prosecuted in the name of the real party in interest." Section 160, Code Proc.    Section 162 permits a modification of that rule when the plaintiff is in fact a trustee for other parties in interest.

The cause is remanded for trial on the merits, with the right reserved to either party to amend the pleadings (on proper notice) as they may be advised to do, by the addition of new parties or by new allegations.

Mr. Chief Justice Gary and Messrs. Justices Watts and Fraser concur.

Mr. Justice Hydrick did not sit.